IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| OSCAR N. GARCIA, <br> Institutional ID No. 01647430, <br><br> Plaintiff, <br><br> v. <br><br> CHANTAL A. FLORES, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 5:23-CV-133-BV <br> § <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION AND ORDER OF TRANSFER**

Pro se Plaintiff Oscar N. Garcia filed suit under 42 U.S.C. § 1983, claiming violations of his constitutional rights while incarcerated at the John Montford Unit of the Texas Department of Criminal Justice. Dkt. No. 1. Because not all parties have consented to jurisdiction by the magistrate judge, the undersigned submits these findings, conclusions, and recommendations and orders this case transferred back to the Honorable Sam R. Cummings, Senior United States District Judge, for further proceedings.

**1.   Factual and Procedural Background**

The facts in this case arise from an incident that occurred on September 20, 2021, when Garcia was an inmate in the Montford Unit of the Texas Department of Criminal Justice, where Defendant Chantal A. Flores was employed as a correctional officer. Dkt. Nos. 1, 22. Garcia alleges that on that date, Officer Flores passed out commissary items, but some of the things Garcia ordered and was expecting were missing. Dkt. Nos. 1 at 4; 16 at 2; 22 at 3. As a result, Garcia "started to beat [his] head on [the] door [and] walls."

Dkt. No. 16 at 4. Garcia then "asked to speak to rank" and "told Flores [he] needed to go to seclusion" because he was feeling "suicidal and homicidal" due to the missing commissary items. Dkt. No. 1 at 4; Dkt. No. 16 at 4 (cleaned up). Garcia also "told Flores [he] was going to kill [him]self and start[] cutting [him]self and wrap bags around [his] face to suffocate [him]self." Dkt. No. 16 at 2.

According to Garcia, Flores did nothing to help. *Id.* Instead, she "just laugh[ed] and walked away." *Id.* at 4. At an unspecified time that same day, "Flores [came] to [Garcia's] door and sa[id] 'stop that'" when she saw him bleeding and that he had "written on walls with blood," but Garcia did not stop. *Id.* at 2. Garcia further asserts Flores saw him "trying to suffocate [him]self" and in response, she "lock[ed] the door again." *Id.* at 8. He disputes that he ever declined medical treatment and claims that he was "stuck in [his] cell" until he was found unconscious the next day. *Id.* at 4–5.

Garcia filed suit under 42 U.S.C. § 1983, alleging multiple claims against the prison and certain individuals employed there. Dkt. No. 1. The assigned district judge transferred Garcia's case for preliminary screening under 28 U.S.C. §§ 1915(e) and 1915A(b). Dkt. Nos. 9, 11, 15, 16, 22, 23, 24, 26. After careful review, the magistrate judge dismissed most of Garcia's claims. Dkt. No. 22. Only one claim—that Officer Flores failed to protect Garcia from harming himself and attempting suicide—survived screening. Dkt. No. 22. On that claim, the magistrate judge required an answer. Dkt. Nos. 22, 29. Flores answered on October 16, 2024. Dkt. No. 34.

2. **Legal standards for an Eighth Amendment failure-to-protect claim**

To state a constitutional claim for failure to protect, a plaintiff must show: (1) he was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). A prison official who demonstrates "deliberate indifference" to a substantial risk of serious harm violates an inmate's Eighth Amendment rights. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "A jailer has a duty to not act with subjective deliberate indifference to a known substantial risk of suicide" and "cannot disregard precautions he knows should be taken." *Cope v. Cogdill*, 3 F.4th 198, 209 (5th Cir. 2021) (internal quotation marks and alterations omitted). Prison officials must guard against current threats as well as sufficiently imminent dangers that may cause harm in the future. *Horton v. Cockrell*, 70 F.3d 397, 400–01 (5th Cir. 1995).

Deliberate indifference "is an extremely high standard" to meet, and prison officials act with such indifference only if they know an inmate faces a substantial risk of serious harm and they disregard that risk by failing to take reasonable measures to alleviate it. *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001); *Farmer*, 511 U.S. at 837. Consequently, officials' failure to alleviate risk they should have perceived, but did not, does not constitute deliberate indifference. *See id.* at 837–38. Rather, the inmate must show that the official actually knew of and disregarded the excessive risk to inmate safety. *Id.* at 837. Thus, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The known risk must be more than just

some level of risk and must be "excessive." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).

A prisoner seeking to establish an Eighth Amendment violation need not show that prison officials believed harm would actually occur—"it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. "To sustain his constitutional claim, [the inmate] must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *Hamilton v. Dretke*, No. 7:06-CV-043-0, 2009 WL 320777, at *2 (N.D. Tex. Feb. 10, 2009) (alterations in original) (quoting *King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993)).

### 3. Application of standards to Garcia's claim

Accepting Garcia's factual allegations as true, as is required at this juncture, Garcia has adequately alleged that he was subjected to conditions posing a substantial risk of serious harm when he reported having suicidal and homicidal thoughts, asked to be placed in seclusion, and was ignored. *See Hyatt v. Thomas*, 843 F.3d 172, 178 (5th Cir. 2016) (holding a jury could draw a reasonable inference that an officer was aware of a "sufficiently substantial risk" of harm where the officer knew the detainee had a history of depression, he had previously attempted suicide, and his wife communicated that she believed him to be suicidal). Likewise, Garcia's physical manifestations of self-harm—including banging his head on the door and walls, cutting himself, and attempting to suffocate himself—arguably demonstrate a substantial risk of harm. *See Dyer v. Houston*, 964 F.3d 374, 381–82, 384 (5th Cir. 2020) (finding that where officers "had

4

custody of a delusional detainee who was severely harming himself" by repeatedly and violently striking his head and failed to seek medical treatment, there was a "genuine dispute" as to whether officers were deliberately indifferent); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 464 (5th Cir. 2001) (determining that a reasonable jailer would have recognized a constitutional obligation to summon medical assistance where, among other things, the jailer was aware that the detainee was hallucinating and injuring himself in his cell).

Moreover, according to Garcia, Flores was fully aware of the risk of harm posed because he expressly told her that he intended to kill himself, and later, she personally observed that he was bleeding. Dkt. No. 16 at 1–2. Despite this purported knowledge, Flores allegedly disregarded the risk of harm Garcia posed to himself because she "just laugh[ed] and walked away[.]" *Id.* at 4. Flores also allegedly failed to guard Garcia against the threats he posed to himself when she "lock[ed] the door again" after she saw Garcia bleeding from cutting himself. *Id.* at 8. Thus, Garcia has adequately alleged that Flores acted with deliberate indifference. *See Nagle v. Gusman*, 61 F. Supp. 3d 609, 628–30 (E.D. La. 2014) (finding that a defendant acted with deliberate indifference when he left a suicidal detainee unobserved on at least three occasions without taking measures to protect the detainee from harm).

4. **Recommendation**

Given the timeframe in the referral order, this case should be transferred back to the presiding Senior United States District Judge for implementation of a scheduling order. Because Flores asserted the affirmative defense of qualified immunity, it is the

undersigned's **RECOMMENDATION** that the Court enter limited scheduling order requiring Flores to file a dispositive motion for the purpose of making a preliminary determination on qualified immunity. *See* Dkt. No. 34 at 6 (raising several defenses, including qualified immunity). Alternatively, the undersigned recommends that a Rule 16 scheduling order be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

The undersigned magistrate judge **ORDERS** that this case be transferred back to the docket of the Senior United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:23-cv-133-C.

## 5.  Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED** on November 22, 2024.

*Amy Burch*
_____
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE