IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| OSCAR N. GARCIA, <br> Institutional ID No. 01647430 <br><br> Plaintiff, <br><br> v. <br><br> CHANTAL A. FLORES, <br><br> Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. 5:23-CV-00133-C |

### ORDER

The United States Magistrate Judge entered her Report and Recommendation on November 22, 2024, recommending that the Court enter a limited scheduling order, requiring Defendant Chantal A. Flores to file a dispositive motion for the purpose of making a preliminary determination on qualified immunity. (Doc. 43). No objections were filed.

The Court reviewed the Report and Recommendation of the Magistrate Judge for plain error. Finding none, the Court **ADOPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge. Accordingly, the Court will enter the following limited scheduling order for the purpose of promptly resolving the qualified-immunity issue.

1. **Motion on Qualified Immunity**

Defendant appeared in this case and asserted the affirmative defense of qualified immunity in her answer to the complaint. (Doc. 34). The Court is mindful of the general rule that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985)); *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Ordinarily, that comes at the motion-to-dismiss stage. But here, Defendant did

not file a motion to dismiss before she filed her answer; thus, the Court has not yet had an opportunity to rule on the immunity question. *See* Fed. R. Civ. P. 12(b).

As a result, the Court orders Defendant to file a motion for summary judgment with supporting evidence on the issue of qualified immunity **no later than January 31, 2025**.[1] Plaintiff may file a response to Defendant's motion **no later than 30 days** from the date shown on the certificate of service attached to the motion. The defendant's motion, any response, and any reply must comply with the requirements of the Local Civil Rules of this Court.

## 2.   Discovery

Discovery will remain stayed pending a ruling on the anticipated motion for summary judgment or further order from the Court. *See Carswell v. Camp,* 54 F.4th 307, 311 (5th Cir. 2022); *Wicks v. Miss. State Emp't Servs., Inc.*, 41 F.3d 991, 994–95 (5th Cir. 1995); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam). If a claim survives summary judgment on immunity grounds, then the parties are entitled to all appropriate discovery, even discovery that does not relate to the qualified immunity defense. *See Zantiz v. Seal*, 602 F. App'x 154, 159 (5th Cir. 2015) (quoting *Lion Boulos*, 834 F.2d at 507–08).

When a defendant has asserted a qualified-immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified-immunity defense. *See Carswell*, 54 F.4th at 311–12. On a proper request, the Court may authorize a plaintiff to conduct limited discovery in order to respond to the qualified-immunity issues raised in the expected motion for summary judgment.

---

[1] After the issue of qualified immunity is resolved, an additional summary-judgment motion on any or all remaining issues may be filed if need be. *See* LR 56.2(b).

*See Hutcheson v. Dallas Cnty*, 994 F.3d 477, 481 (5th Cir. 2021) (providing that "[i]t is not enough broadly to seek information that might impeach the defendants' version of events," but "must assert facts that, if true, would overcome the defense."); *see also Backe*, 691 F.3d at 648 (explaining that "this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense"); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) (providing that "a district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue"); *cf. Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) (finding that "a court's qualified immunity inquiry at [the summary judgment] stage requires that the Court 'accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true.'") (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018).

The Court will, if necessary, enter a Rule 16 scheduling order once the qualified-immunity issue is resolved.

**SO ORDERED.**

Dated December 16, 2024.

_____
SAM R. CUMMINGS
Senior United States District Judge